Frankel Syverson pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Robert Bonnette, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Maricopa County Community College District,<br><br>Defendant. | Case No. 2:26-cv-02616-ROS<br><br>**FIRST AMENDED COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiff Robert Bonnette ("Plaintiff"), individually and on behalf of all others similarly situated, for his First Amended Complaint against Defendant Maricopa County Community College District (the "College District") alleges as follows:

## I. NATURE OF THE CASE

1. Plaintiff brings this action against the College District for its unlawful failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (“FLSA”).

2. This action is brought as a collective action pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties and damages owed to Plaintiff and all others similarly situated. For collective action purposes, the proposed Class consists of:

> All current and former Patrol Commanders employed by Maricopa County Community College District in the last three years (“Patrol Commanders”).

3. For at least three (3) years prior to the filing of this action (the “Relevant Period”), the College District had and continues to have a consistent policy and practice of suffering or permitting employees who worked as Patrol Commanders, including Plaintiff, to work in excess of forty (40) hours per week, without paying them proper overtime compensation as required by federal wage and hour laws. Plaintiff seeks to recover unpaid overtime compensation, interest thereon, statutory penalties, reasonable attorneys’ fees and litigation costs on behalf of himself and all similarly situated current and former Patrol Commanders. Plaintiff and all similarly situated current and former Patrol Commanders who may opt-in pursuant to 29 U.S.C. § 216(b) also seek liquidated damages.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of Arizona within this District. Plaintiff was employed by the College District in this District.

## III. PARTIES

6. At all times relevant to the matters alleged herein, Plaintiff Robert Bonnette resided in the State of Arizona in Maricopa County.

7. Plaintiff worked for the Maricopa County Community College District's Police Department ("MCCCD") from February 13, 2023 to January 26, 2026.

8. Plaintiff was a full-time, non-exempt employee of the College District employed in the position of Commander in the Patrol Division from May 1, 2023 until September 1, 2025.

9. Plaintiff's Consent to be a Named Plaintiff and Opt In to Lawsuit pursuant to 29 U.S.C. § 216(b) is attached as Exhibit 1, affirming his consent to opt-in to this action and pursue his unpaid wages under the FLSA and act as the representative Plaintiff in the action on behalf of the Patrol Commanders.

10. Defendant Maricopa County Community College District is a political subdivision of the State of Arizona and can sue and be sued pursuant to A.R.S. § 15-1401(7) and A.R.S. § 15-1444(B)(3).

11. The College District hires Patrol Commanders like Plaintiff to provide law enforcement throughout the County for the MCCCD. Plaintiff and the other similarly situated Patrol Commanders are employees as defined in 29 U.S.C. § 203(e)(1) and are non-exempt employees under 29 U.S.C. § 213(a)(1).

12. At all relevant times, the College District is an employer as defined by 29 U.S.C. § 203(d).

13. The College District is a legally constituted governmental entity under Arizona law and subject to the requirements of the FLSA.

## IV. FACTUAL BACKGROUND

14. The College District provides law enforcement services on the ten College District campuses as well as other College District sites throughout Maricopa County, Arizona.

15. The College District employs numerous Patrol Commanders, like Plaintiff, to carry out these law enforcement services.

16. Plaintiff was employed by the College District as a Police Commander from May 1, 2023 until September 1, 2025.

17. As a Patrol Commander, Plaintiff's primary job duties are law enforcement duties he typically performed alongside the officers on his team on a daily basis.

18. Plaintiff's primary duty as a Patrol Commander is non-exempt in nature. Plaintiff's primary duty is law enforcement, including rescuing crime victims, preventing or detecting crimes, conducting investigations and inspections for violations of law, performing surveillance, pursuing, restraining, and apprehending suspects, detaining or supervising suspected and convicted criminals, interviewing witnesses, interrogating suspects, responding to crimes in progress, responding to panic, intrusion and burglary alarms on the campuses, responding to medical calls, responding to collisions on and off the campuses and responding to traffic stops.

19. While Plaintiff has some office duties, his primary and most important duty as a Patrol Commander constitute law enforcement first responder duties.

20. To that end, Plaintiff spends every day monitoring the police radio for patrol activity, so that he can respond to first responder law enforcement calls as required by the College District.

21. Patrol Commanders are expected to provide law enforcement as their primary duty for the College District. For example, Patrol Commanders like Plaintiff are required to respond to all high-level service calls and report as first responders in the field for all such calls.

22. In order to be ready to report to service calls, the Patrol Commanders are in uniform, armed and equipped with medical equipment at all times.

23. In fact, Plaintiff's supervisory role is limited, both because of the importance of his primary duty of law enforcement and because he lacks discretion in his duties involving supervision of other employees.

24. Plaintiff's discretion in his administrative or supervisory tasks role is limited by the decisions of his Chief and the College District (including the Human Resources Department), who ultimately make decisions regarding management and operations of the College District Police Department.

25. Plaintiff does not have sole authority to hire and fire full-time officers, his primary duty is not management, he does not have discretion over other employees' employment, he does not run a division within the College District, his primary duty is not the performance of office or non-manual work directly related to the management or general business operations of the College District, and his primary duty is not the performance of work requiring knowledge of an advanced type customarily acquired by prolonged course of intellectual instruction.

26. Despite the non-exempt nature of Plaintiff's duties as a Patrol Commander, the College District classifies Plaintiff and the Patrol Commanders as exempt managers and pays them a salary.

27. Plaintiff's salary as a Patrol Commander is paid on an hourly basis with the requirement that Plaintiff accounts for at least 80 hours every two weeks regardless of the amount of hours he actually works.

28. Plaintiff's hourly rate as a Patrol Commander started at approximately $50 per hour and was increased to approximately $55 per hour in September 2025.

29. As a Patrol Commander, Plaintiff routinely works more than forty hours per week and he is not paid time and a half for those hours worked over forty in a workweek.

30. During a typical two week pay period, Plaintiff was only paid for 80 hours at his regular rate of $55.

31. During a typical week, Plaintiff was scheduled to work 4 days a week for 10 hour shifts for a total of forty hours.

32. However, during each week he was scheduled to work, Plaintiff was required to work additional hours off the clock, typically up to 5 hours off the clock, in addition to the hours he was scheduled to work.

33. As a result, Plaintiff's overtime hours during a typical week are approximately 5 hours, which he was not paid for.

34. For example, Plaintiff's paycheck dated August 22, 2025 shows regular earnings of $4,405.74, indicating that he was paid for 80 hours at his rate of $55 during the two-week pay period. Although he was scheduled to work 4 days that week, he worked approximately 5 hours of overtime above the 40 hours he was paid for.

35. As a result, Plaintiff should have been paid a rate of $82.50 (time and a half his regular hourly rate of $55.00) for the overtime hours he worked the weeks during that pay period but was not.

36. This example of overtime hours Plaintiff was required to work in addition to the hours he was paid for is indicative of how Plaintiff was paid in all other work weeks in which he worked his typical schedule, which was nearly all weeks of his employment.

37. Thus, Plaintiff is owed approximately five hours of overtime per week of employment.

38. Plaintiff's duties, hours and compensation are indicative of the similarly situated Patrol Commanders.

39. Plaintiff is aware that other Patrol Commanders were similarly not paid for hours they worked over 40 hours in a work week.

40. Plaintiff had conversations with other Patrol Commanders about having to work off the clock and is also aware that the compensations policies impacting him also applied to the other Patrol Commanders as well.

41. The College District's improper policies and compensation practices applied to Plaintiff and all similarly situated Patrol Commanders he seeks to represent.

42. Upon information and belief, the College District is aware that it has misclassified the Patrol Commanders as exempt from overtime, but it has taken no actions necessary to ensure that all non-exempt employees who work overtime hours have been properly paid for those hours as required by the FLSA.

## V. COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings his claim under the FLSA, 29 U.S.C. § 201 *et seq.*, as a collective action. Plaintiff brings this action on behalf of himself and others similarly situated, properly defined in paragraph 2 above.

44. The College District's illegal overtime wage practices were widespread with respect to the proposed Class. The failure to pay proper overtime was not the result of random or isolated individual management decisions or practices.

45. The College District's overtime wage practices were routine and consistent. Throughout the Relevant Period, employees regularly were not paid the proper overtime wage despite working in excess of forty hours per week.

46. Other Patrol Commanders performed the same or similar job duties as Plaintiff. Moreover, Patrol Commanders regularly work more than forty hours in a workweek. Accordingly, the employees victimized by the College District's unlawful pattern and practices are similarly situated to Plaintiff in terms of employment and pay provisions.

47. The College District's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable policies or practices and do not depend on the personal circumstances of the members of the collective action. Thus, Plaintiff's experience is typical of the experience of the others employed by the College District as Patrol Commanders.

48. All Patrol Commanders, including Plaintiff, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of forty. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts pertaining to liability.

## VI. COUNT ONE

**(Failure to Pay Overtime Wages - FLSA - 29 U.S.C. § 207 *et seq.*)**

49. Plaintiff, on behalf of himself and all those similarly situated, incorporates by reference all of the above allegations as though fully set forth herein.

50. Plaintiff and the Patrol Commanders are non-exempt employees entitled to the statutorily mandated overtime pay according to the FLSA.

51. The College District was an employer pursuant to 29 U.S.C. § 203(d).

52. The College District failed to comply with 29 U.S.C. § 207 because Plaintiff and the Patrol Commanders worked for the College District in excess of forty hours per week, but the College District failed to pay them for those excess hours at the statutorily required rate of one and one-half times their regular rate of pay as required by the FLSA.

53. The work was performed at the College District's direction and with the College District's knowledge.

54. The College District's failure to pay overtime to Plaintiff and the Patrol Commanders was willful. The College District knew Plaintiff and the Patrol Commanders work overtime but failed to properly pay overtime wages. The College District has no reason to believe its failure to pay overtime was not a violation of the FLSA.

55. Plaintiff and the Patrol Commanders are entitled to statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to liquidated damages and attorneys' fees and costs.

## VII. REQUESTED RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays:

A. For the Court to order the College District to furnish to Plaintiff's counsel a list of the names and contact information of all current and former Patrol Commanders who worked for the College District within the past three years;

B. For the Court to authorize Plaintiff's counsel to issue notice at the earliest possible time to all current and former Patrol Commanders who worked for the College District within the past three years immediately preceding this action, informing them that this action has been filed and the nature of the action, and of their right to opt-in to this lawsuit if they worked during the Relevant Period;

C. For the Court to declare and find that the College District committed one or more of the following acts:

i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages to Plaintiff and persons similarly situated who opt-in to this action; and

ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

D. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

E. For the Court to award interest due and accruing from the date such amounts were due;

F. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

G. For the Court to award restitution;

H. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

I. For the Court to award pre- and post-judgment interest; and

K. For such other relief as the Court deems just and proper.

## VIII. DEMAND FOR JURY TRIAL

56. Plaintiff, on behalf of himself and all others similarly situated, hereby demands trial of his claims by jury to the extent authorized by law.

DATED: May 27, 2026.

**FRANKEL SYVERSON PLLC**
By *s/ Patricia N. Syverson*
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

**FRANKEL SYVERSON PLLC**
Ty D. Frankel
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016

*Attorneys for Plaintiff Robert Bonnette*